<u>**UNITED STATES DISTRICT COURT**</u>

CRIMINAL NO. 05-10040-DPW

UNITED STATES OF AMERICA

vs.

ORLANDO ALICEA

<u>**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION FOR REVOCATION OF RELEASE ORDER**</u>

The defendant, Orlando Alicea, by counsel, files his opposition to the Government's Motion for Revocation of Release Order pursuant to 18 U.S.C. § 3145. On January 21, 2005 the Chief Magistrate Charles B. Swartwood ordered that defendant Alicea be released on conditions pending trial. The government moved for a stay of his order pending an appeal, which was granted. Defendant's response and opposition was delayed by the necessity of obtaining a complete transcript which was not prepared until May 6, 2005. Defendant submits that the government's appeal should be denied and the stay of Judge Swartwood's order, be dissolved.

Respectfully submitted,

June 2, 2005

<u>/s/ Benjamin D. Entine, Esq.</u>
77 Franklin Street
Boston, MA 02110
(617) 357-0770
BBO# 558533

**UNITED STATES DISTRICT COURT**

CRIMINAL NO. 05-10040-DPW

UNITED STATES OF AMERICA

vs.

ORLANDO ALICEA

**MEMORANDUM IN SUPPORT OF DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION FOR REVOCATION OF RELEASE ORDER**

The defendant accepts for purposes of this motion, the government's recitation of the facts. The defendant supplements the statement of facts and additionally submits the testimony provided by Edwin Alicea, the defendant's older brother. [Transcript, January 18, 2005, pg 60 at sec.]. Mr. Alicea was called for purposes of offering to serve as a third party custodian, for the release of his younger brother, Orlando Alicea, under such conditions as the Court might determine. He testified to the following:

Edwin Alicea was a Boston Police Officer [Transcript, pg. 61] retired honorably, after eighteen years of service. [Transcript, pg. 63] He stated his willingness to serve as a third party custodian and to guarantee defendant Alicea's return to court for all necessary appearances. He would provide him with legitimate full-time employment.

Mr. Alicea has invested in residential real estate. He rehabs and maintains apartment buildings. He offered to employ his brother in that reconstruction. [Transcript January 18, 2004, pg. 61, 63] Mr. Alicea confirmed, under oath, in response to Judge Swartwood's question, that he would be willing to report any breach of conditions of release. [Transcript, pg. 69] In addition to Edwin Alicea the defendant was also accompanied in court by his girlfriend, with whom he has a child and who was about to give birth a second time. In response to a further concern advanced by the Court, Edwin

1

Alicea agreed that the defendant and his girlfriend and children could be accommodated in Edwin's home and remain there throughout the period of third party supervision. If the Court required, arrangements for electronic monitoring were available. [Transcript January 18, 2005 pg. 71].

The detention hearing resumed January 21, 2005 prior to which Judge Swartwood had Pre-trial Services evaluate third party custodial release to Edwin Alicea and to review Mr. Alicea's home as a potential residence. Judge Swartwood concluded that Mr. Alicea's house is "sufficiently large to accommodate Mr. Orlando Alicea, wife and child, and new child". He further determined "we have someone who has been offered as a third party custodian who can apparently perform that service and has adequate space." [Transcript January 21, 2005, pg. 3-4] Edwin Alicea additionally agreed to a $50,000.00 signature bond on the issue of appearance only.

Judge Swartwood concluded that the defendant's family ties, third party custodian, $50,000.00 signature bond, required residence along with his girlfriend, child (and future) newborn in an appropriate residence maintained by his brother, presented sufficient conditions to assure his return to court, as well as the safety of the community. [Transcript, pg. 21-22]. The Court also determined that the evidence offered by the defendant as to the availability of appropriate conditions securing his release, was sufficient to overcome the presumptions concerning risk of flight or dangerousness. Orlando Alicea was ordered released. The government stated its intention to appeal and a stay was granted. [Transcript January 21, 2005, pg. 17].

The government cites the factors to be considered under 18 U.S.C. § 3142(g). The Government disregards, however, that Judge Swartwood also considered those factors in

2

arriving at his opinion. The government also disregards significant aspects of this case and of defendant Alicea's personal history.

The instant case was an extended investigation into the activities of co-defendant Amaro Millan. Federal agents dealt with various aspects of currency violations apparently committed by Mr. Millan, systematically building a case toward larger violations, and eventually, illegal activities including money laundering for "drug dealers". [Transcript January 18, 2005, pg. 6].Orlando Alicea did not enter into this investigation until some twenty-five months after its commencement. The government has apparently accepted Milan's post-arrest statements, that Alicea is a significant drug dealer (and Millan completely inexperienced); statements which should be considered in light of their self-serving nature and the co-defendant's obvious motive. The transaction involved $180,000.00, which as Millan advised, would be retained in Millan's possession until Alicea received the cocaine. [Transcript January 18, 2005, pg. 10-11].

Alicea attempted to depart the transaction without checking the narcotics. The undercover agents had to urge him to take the packet into the bathroom so that he could verify he was actually receiving drugs. Alicea did so, only after receiving the agent's instructions. His actions hardly suggest the conduct of a seasoned drug dealer. Statements about his experience are belied by his conduct. It suggests an attempt to puff the much younger man to the agents, effectively portrayed as wealthy drug suppliers. On cross examination the agent admitted it was unusual for a drug dealer, not to want to verify what he was receiving. [Transcript January 18, 2005, pg. 49].

The government further misconstrued the statutory consideration of "history and characteristics of the person" under § 3142(g)(3)(A).The Government stated that

regarding the family ties, while admittedly significant "[N]one of those family ties deterred Alicea from setting up a deal". The statute only applies to a defendant already charged, facing possible detention. The listed characteristics are intended for the courts consideration as to the appropriateness of release. A conclusion that factors sufficient for release (such as the family ties, the third party custodial supervision) are negated because a charge is pending, requires a circular reading of the statute.

The government argued before Judge Swartwood and now re-argues that the possibility of minimum mandatory sentencing renders the Court's ruling in error. The government cites United States v. Perez-Franco, 839 F.2d 867, 869 (1st Cir. 1988), that "Congress has found that persons found with major drug offenses often have the foreign ties and resources necessary to escape with ease to other countries." However, in the instant case, there was no showing Alicea has such ties. The evidence more cogently suggested that the substantial sum of money had not belonged to Alicea. The co-defendant, (who regularly dealt in currencies) kept the money in his possession. [Transcript January 18, 2005, pg. 10-11].

Citing United States v. Moreno, 30 F.3d 127 (1st Cir. 1994)(unpublished), the government references that "proposed custodians …are easily manipulated and their effectiveness hinges on the defendant's good faith." Moreno is a case concerning the machinations of available so-called "family members" in a case concerning the release of a mafia chieftain. It is hardly applicable to the circumstances which were before the court.

The evidence and opportunity to both view the witnesses and make determinations as to their credibility were before Judge Swartwood. He additionally was

4

in a position to determine whether Alicea's circumstances were sufficient to rebut any presumption concerning risk of flight. The substantially identical arguments presented by the government at the detention hearing, were not sufficient to negate the defendant's evidence and the recommendation and report of Pre-Trial Services.

    Citing Moreno, United States v. Marquez, 113 F. Supp 2nd 125 (D. Mass. 2000), United States v. Gutierriz, 106 F. Supp. 2nd 172 (D. Mass. 2000) the government correctly identifies that there have been cases in which the courts viewed these factors, assessed the individuals, and drew different conclusions. In the instant case, such says little about whether the exercise of discretion by the court in this case, was erroneous and should be overturned.

                                       Respectfully submitted,

June 2, 2005                                   /s/ Benjamin D. Entine, Esq.
                                                   77 Franklin Street
                                                   Boston, MA 02110
                                                   (617) 357-0770
                                                   BBO# 558533