UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No.: 05-10040-DPW

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **ORLANDO ALICEA** | ) |
| | ) |

**DEFENDANT ORLANDO ALICEA'S MOTION FOR AMENDMENT OF HIS DETENTION ORDER**

Defendant Orlando Alicea, through his counsel, hereby moves the Court, pursuant to 18 U.S.C. sec. 3145 (c) to amend and/or modify the conditions of his pretrial release in the above-captioned case in order to allow him to change residences from 21 Rose Hill Road, in Hanover, Massachusetts to 45 Warren Street, Taunton, Massachusetts. Since the date of his release on bond and electronic monitoring (over 17 months ago), the Defendant has resided at the home of his Brother, Mr. Edwin Alicea, in Hanover, and now seeks to reside with his wife, 3 children, and widowed Mother-in-law in Taunton. In further support of his motion, Mr. Alicea states as follows:

1. The Order Setting Conditions of Release for Alicea, dated June 21, 2005, provides that Mr. Alicea shall be subject to electronic monitoring at his residence (21 Rose Hill Drive in Hanover, Massachusetts) and may not leave the residence except for court, attorney consultation, medical related matters,

<blockquote>

or work or church (with prior approval from pre-trial services). Order Setting Conditions ¶7.

2. On that same day, the Defendant moved into his Brother's residence, along with his fiancé, Manuela Tavares, and his three children, (ages 7 years old, 18 months, and 4 months at the time).

3. On June 24, 2005 predecessor counsel for the Defendant, filed a Motion to Modify the Defendant's Conditions of Release to obviate the need for reporting to pre-trial services as he was being monitored 24 hours a day.

4. On June 28, 2005 this Court allowed the Defendant's Motion, but left it to the discretion of Pre-trial services concerning his reporting requirements.

5. Around or about August of 2005, the father of the Defendant's fiancé (who had been previously diagnosed with terminal cancer) had gotton remarkably worse with his terminal illness, which required Ms. Tavares to visit her father with her three children daily in Taunton, Massachusetts.

6. In light of the aforementioned circumstances listed in paragraph 5, on August 8, 2005, predecessor counsel filed a Motion to Amend Detention Order to allow the Defendant to accompany his family to go visit with the father of his fiancé.

7. On August 12, 2005, this Court allowed the Defendant's Motion to Amend Detention, giving the Defendant more access to visit with the extended members of his family.

8. On August 20, 2005, the Defendant married his fiancé, and have been married ever since, and as stated above raise their three children together.

</blockquote>

9. In September of 2005, the Defendant's father-in-law, passed away from his terminal cancer, and the Defendant's wife (and children) moved out of the Defendant's home at 21 Rose Hill Street, so that the Defendant's mother-in-law, would not be alone. The Defendant's mother in-law lived at 47 Jackson Street in Taunton, Massachusetts.

10. In March of 2006 the house where the Defendant's wife and his mother in law were living burned down, and Mrs. Alicea had to move with her three children to 45 Warren Street in Taunton Massachusetts.

11. 45 Warren Street is a single family residence which is owned by Edwin Alicea, who is the surety who was guaranteed the Defendant's appearance and compliance with all orders and conditions of his pre-trial release.

12. The Defendant seeks to now have 45 Warren Street imposed as his primary residence during the pendency of his pre-trial release

13. Since the Defendant's pre-trial release, he has complied with all conditions placed upon him by the Court since they were imposed seventeen months ago.

14. Since the Defendant's pre-trial release, he has joined the First Congregational Church, located in Hanover, Massachusetts, where he has been granted permission to go to church every Sunday by pre-trial services.

15. Since the Defendant's pre-trial release, he has been attending school, (with the permission of pre-trial services) one day a week in Taunton, Massachusetts, for a contractor's supervisor's course.

16. Since the Defendant's pre-trial release, he has been employed by his Brother (and surety) Edwin Alicea, to doing rehabilitation work and property management.

17. As a result of the Defendant's work schedule, however, (which is very time-intesive) his ability to spend time with his wife and children are severely hampered and diminished.

18. Where as before, the Defendant was residing with his wife and three young children at 21 Rose Hill Street in Hanover, the death of his father-in-law has caused an unanticipated separation from his wife and kids.

19. The Defendant now seeks to be reunited with his family during the pendancy of his pre-trial release.

20. Where the Defendant's liberty is in the balance, he seeks an opportunity (even if short-lived) to bond with his wife and children (one of which is under two years old) so as to maximize his contact with them, as well as to help share in the daily duties of child-rearing.

21. Based upon the Defendant's unwavering compliance with every rule and condition set upon him by this Court, the Defendant's believes that he has made a good-faith showing, that he would continue to honor his obligations should the Court grant him the request of being able to be father to his children and husband to his wife during the pendency of his case.

22. In terms of security and guarantees that Mr. Alicea will be present to answer the charges on the instant action, there is a $100,000 bond ($50,000.00 in cash) which has been posted, as well as electronic monitoring, and obviously

      the Defendant has no objection to keep these measures intact, so as to secure future compliance with all Court appearances and orders.

23.    At the very least, the Defendant seeks to have pre-trial services perform an investigation to determine the suitability of the residence for Mr. Alicea to maintain his residence under the confines of electronic monitoring.

WHEREFORE, Mr. Alicea respectfully requests that the Court amend the detention order to allow him to maintain his residence with his wife and children, located at 45 Warren Street, Taunton, Massachusetts, subject to the approval of pre-trial services.

                                                                             Respectfully Submitted,
                                                                             ORLANDO ALICEA
                                                                             By his Attorney,

                                                                             /s/Gordon W. Spencer
                                                                             Gordon W. Spencer, Esq.
                                                                             1256 Park Street, Suite 104
                                                                             Stoughton, MA 02072
                                                                             (781) 297-9293
                                                                             BBO# 480688

Dated: December 21, 2006